**PUERTO RICO PHARMACEUTICAL, INC. Plaintiff**

v.

**PFIZER CORP. Pfizer Pharmaceutical Group, and John Doe I and II Defendants**

**No. CIV. 01–2738CCC.**

United States District Court, D. Puerto Rico.

Sept. 5, 2003.

Harry A. Ezratty, Esq., San Juan, PR, for Plaintiff.

Víctor F. Miranda–Corrada, Esq., Ricardo Casellas, Esq., Francisco I. Cervoni–Hernández, Esq., San Juan, PR, for Defendants.

## ORDER

CEREZO, District Judge.

The Court has before it the Motion for Summary Judgment filed by defendants Pfizer Corp. (Pfizer) and Pfizer Pharmaceutical Group[1] (Pharmaceutical) (collectively the Pfizer defendants) on May 16, 2003 (**docket entry 31**), the opposition filed by plaintiff Puerto Rico Pharmaceutical, Inc (PRP) on June 12, 2003 (**docket entry 39**), and the Pfizer defendants reply[2] filed on June 30, 2003 (**docket entry 44**). In its complaint (**docket entry 1**), plaintiff PRP, a corporation that purchases pharmaceutical products directly from drug manufacturers and distributes them to other organizations both within and outside Puerto Rico, had alleged that the Pfizer defendants' decision first prohibiting it from selling any of their products outside the Commonwealth and later preventing it from obtaining their products for sale to the public was a result of a conspiracy between them and "others," not identified in the complaint, "to combine in a form of trust or otherwise to restrain commerce among the several states and foreign nations ...; by among other things and not limited to: dividing markets, horizontal price fixing, customer allocation and all of which has been and continues to be specifically directed at [PRP] to its detriment and economic loss" (complaint, docket en-

1. It appears that the correct name of the corporation which plaintiff identified in the complaint as Pfizer Pharmaceutical Group is Pfizer Pharmaceutical Inc.

2. This reply was filed in conjunction with a motion through which the Pfizer defendants sought to strike as inadmissible certain evi-

dence submitted by plaintiff in its opposition to the motion for summary judgment. The Court NOTES that the filing of this reply brief was authorized during the pretrial conference held on May 21, 2003. *See* docket entry 34; *cf.* Local Rule of Procedure 311.7 ("No reply brief shall be filed unless leave is obtained from the Court.")

try 1, ¶ 15, pp. 3–4), in violation of section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.[3] Defendants have moved for summary judgment claiming that, being wholly-owned indirect subsidiaries of non-party Pfizer, Inc., they are sister corporations incapable of conspiring to violate § 1 of the Sherman Act under the doctrine of *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984), while discovery has failed to reveal that any other entity participated in their decision not to deal with the plaintiff. Defendants also argue, in the alternative, that plaintiff lacks antitrust standing and has failed to prove a cognizable antitrust injury from their refusal to deal.

We had previously considered whether the *Copperweld* doctrine applied to the facts of this case, in disposing of a prior dismissal motion filed by defendants, but refrained from concluding so upon our finding that the record at the time failed to decisively establish that both defendants were wholly-owned subsidiaries of Pfizer, Inc. *See* Order dated March 5, 2003 (docket entry 19). Today we revisit the matter with the benefit of a more fully developed record and mindful of the standard governing the resolution of summary judgment motions.

Defendants have now undisputedly established that "[a]t this time, and during the [r]elevant [p]eriod, all corporate ownerships between Pfizer, Inc. and each Pfizer Pharmaceuticals Inc. and Pfizer Corp. were and are wholly-owned by Pfizer, Inc."

Statement of Uncontested Material Facts in Support of Pfizer's Motion for Summary Judgment, at ¶ 4 (**docket entry 31**). *See also* Declaration Under Penalty of Perjury of Mr. Gary Ross Genasci, Exhibit I to the Pfizer defendants' Motion for Summary Judgment, where he attests that "[b]oth [Pharmaceutical] and Pfizer are, and were during the [r]elevant period, wholly-owned indirect subsidiaries of non-party Pfizer, Inc. . . ." Under the *Copperweld* doctrine,[4] then, the Pfizer defendants are legally incapable of conspiring to violate § 1 of the Sherman Act.

As a failure to state a contract, combination or conspiracy is fatal to a section 1 claim, *see Odishelidze v. Aetna Life & Cas Co.*, 853 F.2d 21, 23 (1st Cir.1988), in order for plaintiff's claim to survive it needs to establish that the Pfizer defendants contracted, combined or conspired with *another* entity to restrain trade or commerce. In this regard, the Statement of Uncontested Material Facts submitted by defendants establish that:

28. On or about January 30, 2001, Pfizer made a decision to refuse to sell pharmaceutical products to PRP or ship any orders. . . There is no evidence that someone, other than Pfizer, participated in that decision.

51. PRP has no evidence of any conversation between a representative of Pfizer and any wholesaler of pharmaceutical products.

**3.** As we previously noted in the Order dated March 5, 2003 (docket entry 19, at p. 1, n. 1), plaintiff also avers as a jurisdictional basis for its complaint sections 4 & 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, as well as the diversity of citizenship between the parties. However, all the illegal acts alleged in the complaint are framed around section 1 of the Sherman Act. *See* Complaint, docket entry 1, ¶¶ 15–17,19, 22, pp. 3–5.

**4.** See *e.g. Century Oil Tool, Inc. v. Production Specialties, Inc.*, 737 F.2d 1316 (5th Cir.1984) (two corporations with common ownership are not considered separate enterprises under *Copperweld*); *see also Guzowski v. Hartman*, 969 F.2d 211 (6th Cir.1992) *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125 (3d Cir.1991) (same holding as to sister corporations).

52. PRP has no evidence of a written agreement between Pfizer and any of PRP's competitors or wholesalers.

53. PRP has no knowledge of the existence of any agreement between Pfizer and other drug manufacturers as to the terms and conditions of sale, price and quantity of products.

54. PRP has no knowledge of the existence of any agreement between Pfizer and any drug manufacturers as to the territories or location where products are going to be sold.

All these statements remain unopposed by the plaintiff[5] (*see* Plaintiff's Opposition to Defendant's (sic) Uncontested Material Facts, docket entry 39) and, consequently, are deemed admitted pursuant to Local Rule of Procedure 311.12. Given these statements, it appears evident that no other entity contracted, combined or conspired with the Pfizer defendants to restrain trade or commerce in violation of section 1 of the Sherman Act, as plaintiff had alleged in its complaint.

As the record reflects that there is no genuine issue as to any material fact and that movants are entitled to a judgment as a matter of law for plaintiff's failure to state a claim under section 1 of the Sherman Act, which constitutes the basis for its complaint (*see* note 3, *supra*.), the Motion for Summary Judgment filed by defendants Pfizer and Pharmaceutical (**docket entry 31**) is hereby GRANTED. Accordingly, judgment will be entered by separate order DISMISSING plaintiff's complaint.

SO ORDERED.

**JUDGMENT**

For the reasons stated in our Order of this same date, plaintiff's complaint is hereby DISMISSED.

SO ORDERED AND ADJUDGED.

---

5. Although plaintiff did object to statement no. 28, the only basis for its objection was that discovery had not been completed so it requested that fact to be held in abeyance until its conclusion. Plaintiff, however, failed to abide by the procedure established in Fed. R.Civ.P. 56(f) in order to show that it could not at the time present facts essential to justify its opposition.